IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOSUE B. VALIENTE,

               Plaintiff,

     v.

BANK OF AMERICA,

               Defendant.

CIVIL ACTION FILE NO.

1:16-CV-01553-WSD-JFK

## FINAL REPORT AND RECOMMENDATION

Pending before the court is Defendant Bank of America's ("BANA") motion [Doc. 4] to dismiss the Complaint in this action pursuant Fed. R. Civ. P. 12(b)(5) for lack of service of process.  This action commenced in this court on May 13, 2016, when the Complaint filed in the Superior Court of Cherokee County, Georgia, on March 4, 2016, was removed to federal court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  [Doc. 1].  Plaintiff Josue B. Valiente claims that Defendant BANA committed various violations of state tort law when a foreclosure was sought and obtained in March 2014, on his home located at 135 Hidden Creek Drive, Canton, Georgia, the purchase of which had been secured by a mortgage obtained from Defendant in December 2006.  [Doc. 1-1 ("Complaint")].  Plaintiff has not responded to the motion to dismiss.  However, the court has discretion to consider the merits of Defendant's

argument rather than granting the motion to dismiss as unopposed.  See, e.g., Tobias v. Georgia Dept. of Corrections, 2009 WL 255632, at *1 (N.D. Ga. February 3, 2009) (recognizing that local rule allowed for granting of unopposed motion to dismiss, court nonetheless considered merits of motion); and see LR 7.1B, N.D. Ga. ("[f]ailure to file a response shall indicate that there is no opposition to the motion").  The court will do so in this case.

## I.      Standard of Law - Rule 12(b)(5)

A defendant may object to service by filing a motion to dismiss pursuant to Rule 12(b)(4) (challenging sufficiency of process) or Rule 12(b)(5) (challenging sufficiency of service).  "The party challenging the sufficiency of the service bears the burden of showing it was improper."  Ritts v. Dealers Alliance Credit Corp., 989 F. Supp. 1475, 1478 (N.D. Ga. 1997).  "An objection to service of process 'must be specific and must point out in what manner the plaintiff has failed to satisfy the requirements of the service provision utilized.'"  Binns v. City of Marietta Housing Authority, 2007 WL 2746695, at *2 (N.D. Ga. September 18, 2007) (citation omitted); accord Moore v. McCalla Raymer, LLC, 916 F. Supp. 2d 1332, 1339 (N.D. Ga. 2013); Hollander v Wolf, 2009 WL 3336012, at *3 (S.D. Fla. October 14, 2009).

If the challenge is sufficiently set forth, the plaintiff then "bears the burden of

2

presenting 'enough evidence to withstand a motion for directed verdict.'"[1] <u>Lowdon PTY Ltd. v. Westminster Ceramics, LLC</u>, 534 F. Supp. 2d 1354, 1360 (N.D. Ga. 2008) (citation omitted).   "If the plaintiff presents countering evidence, the court must construe all reasonable inferences in favor of the plaintiff[,]"[2] <u>Lowdon</u>, 534 F. Supp. 2d at 1360 (citation and internal quotation marks omitted), and "the burden shifts back to the defendant to bring strong and convincing evidence of insufficient process[,]" <u>Hollander</u>, 2009 WL 3336012, at *3 (citation omitted); <u>and see</u> <u>Fru Veg Marketing, Inc. v. Vegfruitworld Corp.</u>, 896 F. Supp. 2d 1175, 1182 (S.D. Fla. 2012).[3]

The court may make any factual findings necessary to resolve a motion to dismiss for insufficiency of service of process "so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." <u>Bryant v. Rich</u>, 530 F.3d 1368, 1376 (11th Cir. 2008); <u>accord</u> <u>Hollander</u>, 2009 WL

---

[1]To determine whether a plaintiff's evidence would withstand a motion for a directed verdict, the court looks "to see whether there could be but 'one reasonable conclusion' given the evidence." <u>Portera v. Winn Dixie of Montgomery, Inc.</u>, 996 F. Supp. 1418, 1423 (M.D. Ala. 1998) (citation omitted).

[2]"A signed return of service is *prima facie* evidence of proper service." <u>Hollander</u>, 2009 WL 3336012, at *3.

[3]As discussed *infra*, Plaintiff has not presented any countering evidence in this action.

3

3336012, at *3 (stating that the court may look to affidavits, depositions, and oral testimony to resolve disputed questions of fact regarding the sufficiency of service).

"'Service of process is a jurisdictional requirement:  a court lacks jurisdiction over the person of a defendant when that defendant has not been served.'" Hemispherx Biopharma, Inc. v. Johannesburg Consol. Investments, 553 F.3d 1351, 1360 (11th Cir. 2008) (quoting Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990)). And "[a] court without personal jurisdiction is powerless to take further action." Innomed Tech., Inc. v. Worldwide Med. Tech., Inc., 267 F. Supp. 2d 1171, 1173 (M.D. Fla. 2003) (citing, inter alia, Posner v. Essex Insurance Co., Ltd., 178 F.3d 1209, 1214 n.6 (11th Cir.1999)).  Therefore, "[a]s a general rule, courts address issues relating to personal jurisdiction before reaching the merits of [a] plaintiff's claims[ ] . . . because a defendant not subject to the court's jurisdiction cannot be bound by its rulings." Id. (citations omitted).

## II.    Discussion

Defendant states that there has been no service of process either before or after removal to this court and that this court's "docket does not contain any documents purporting to be service of any kind upon Defendant."  [Doc. 4 at 1, 3].  The court finds this to be true.  The records from Cherokee County Superior Court filed with the

4

notice of removal contain no evidence of service on Defendant prior to removal. Although a summons was prepared by the Cherokee County Superior Court Clerk of Court for Defendant BANA, no return of service, as required by O.C.G.A. § 9-11-4(h),[4] is included with the notice of removal.  See Williams v. Contemporary Services Corp., 325 Ga. App. 299, 301 & n.5, 750 S.E.2d 460, 462 & n.5 (2013) (indicating that, due to the requirements of O.C.G.A. § 9-11-4, proof of service will be reflected on the docket).

The Federal Rules of Civil Procedure apply to actions removed from state court. See Fed. R. Civ. P. 81(c)(1).  After removal, 28 U.S.C. § 1448[5] gives plaintiffs "an opportunity . . . (1) to serve any Defendants not served in the state court proceeding

_____

[4]O.C.G.A. § 9-11-4(h) provides in pertinent part: "The person serving the process shall make proof of such service with the court in the county in which the action is pending within five business days of the service date. . . .  Proof of service shall be" shown as follows:  if served by a sheriff, marshal or deputy by certificate or affidavit; if served by other private persons by that person's affidavit; or, if by publication, by the clerk's certification, unless the defendant files a written admission of service.

[5]28 U.S.C. § 1448 provides:  "In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court."

5

and (2) to re-serve any Defendants who were improperly served while the matter was pending in state court." Patterson v. Brown, 2008 WL 219965, at *4 (W.D. N.C. January 24, 2008), rev'd in part on other grounds, Patterson v. Whitlock, 392 Fed. Appx. 185 (4th Cir. 2010); accord Moore, 916 F. Supp. 2d at 1340; Rentz v. Swift Transp. Co., Inc., 185 F.R.D. 693, 697 (M.D. Ga. 1998). Service must be perfected within 90 days of the date of removal. See Fed R. Civ. P. 4(m) (as amended effective December 1, 2015); and see Moore, 916 F. Supp. 2d at 1340 (noting that the time period for service runs from the date of removal). Even litigants who, like Plaintiff, are proceeding *pro se* must comply with the Federal Rules of Civil Procedure, see Anderson v. Dist. Bd. of Trustees of Cent. Florida Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996), as well as with the Local Rules of this Court. Notice of removal was filed on May 13, 2016; therefore, Plaintiff had until August 12, 2016, to serve Defendant. The court advised Plaintiff of his obligation to serve Defendant, if he had not done so prior to removal, within 90 days of the date of removal and to file an affidavit of service once he had done so. [Doc. 2].

"After removal, the sufficiency of service of process is determined according to federal law." Rentz, 185 F.R.D. at 696; and see Ritts, 989 F. Supp. at 1477 (same). As noted, objections to the sufficiency of service "'must be specific and must point out

in what manner the plaintiff has failed to satisfy the requirements of the service provision utilized.'" <u>Binns</u>, 2007 WL 2746695, at *2 (citation omitted).  Defendant contends that, after removal, Plaintiff failed to effect service in any manner whatsoever.  [Doc. 4 at 3].  The docket in this court supports that contention because there is no indication of issuance of a summons much less of a return of service.  The court finds that Defendant has carried its burden by specifically pointing out in what manner Plaintiff has failed to satisfy the requirements for service.  Therefore, the burden shifts to Plaintiff to present "'enough evidence to withstand a motion for directed verdict.'"  <u>Lowdon PTY Ltd.</u>, 534 F. Supp. 2d at 1360 (citation omitted); <u>accord</u> <u>Hollander</u>, 2009 WL 3336012, at *3.  Plaintiff has done nothing to meet that evidentiary burden.

Despite being on notice since at least May 13, 2016, when the notice of removal was filed alleging that proof of service was lacking [Doc. 1] and although he was subsequently advised that he was obligated to serve Defendant [Doc. 2], Plaintiff has made no effort, at least as evidenced on the record before this court, to show that service was effected either while the action was pending in Cherokee County Superior Court or after removal.  Plaintiff has not responded to Defendant's motion to dismiss the Complaint for failure to serve and lack of personal jurisdiction.  Nor has he either

7

filed an affidavit showing that service was effected before August 12, 2016, or argued that he had good cause for not serving Defendant.  Defendant has not waived service [Doc. 4 at 3] or taken any action "inconsistent with preservation of the jurisdictional objection."[6]  Melton v. Wiley, 262 Fed. Appx. 921, 923 n.5 (11th Cir. 2008).  And Plaintiff has not requested an extension of time to serve Defendant.

The court also finds that an extension of time to serve Defendant would not be warranted even if Plaintiff requested an extension.[7]  When a plaintiff requests an extension but fails to show good cause for failing to serve the defendant, the court has "discretion to extend the time for service of process . . . if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service."  Id. at 923-24 (quoting Horenkamp v. Van Winkle And Co., Inc., 402 F.3d 1129, 1132-33 (11th Cir. 2005)) (internal quotation marks omitted).  Plaintiff's complaint is based on claims arising out of a mortgage loan

───────────────

[6]In the notice of removal, Defendant stated that it was reserving the right to object to service of process and that it was not waiving but reserving "any and all objections to service, personal jurisdiction, defenses, exceptions, rights, and motions." [Doc. 1 at 2].

[7]The Eleventh Circuit has said that "the district court is required to consider whether the circumstances of the case before it warrant [such] discretionary relief." Melton, 262 Fed. Appx. at 924 (citation omitted).

entered in 2006 and on a foreclosure sale occurring over two years ago in March 2014. [Complaint].  His one page recitation of "General Allegations" does not satisfy Rule 8 pleading requirements.

The Federal Rules of Civil Procedure include no requirement that a plaintiff detail the facts upon which the plaintiff bases a claim.[8]  However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted); accord Financial Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007).  "Factual allegations must be enough to raise a right to relief above the speculative level[,]"  Twombly, 127 S. Ct. at 1965 (citations omitted) (emphasis omitted), that is, "the factual allegations in a complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief[.]'"  Stephens, 500 F.3d at 1282 (quoting Twombly, 127 S. Ct. at 1966-67).  The eight conclusory one-sentence allegations set forth in the Complaint simply are insufficient to state any claim for relief for any of his claims, which include, negligence, fraud, wrongful

---

[8]Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (as amended 2007).

foreclosure, breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, violation of unspecified Georgia codes, quiet title and slander of title and to avoid or cancel sale. [Complaint]. Accordingly, considered in conjunction with Plaintiff's failure to act in light of Defendant's allegation of insufficient service and the court's notice to Plaintiff of service requirements, his failure to state a cause of action supports a determination not to exercise discretion in this case.

## III.   Conclusion

For the above reasons, the court **RECOMMENDS** that Defendant's motion to dismiss [Doc. 4] the complaint pursuant to Fed. R. Civ. P. 12(b)(5) be **GRANTED** and that the complaint be **DISMISSED without prejudice**.

The Clerk is **DIRECTED** to terminate this reference.

**SO RECOMMENDED** this 9th day of September, 2016.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)