IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOSUE B. VALIENTE,

        Plaintiff,

v.

BANK OF AMERICA,

        Defendant.

1:16-cv-1553-WSD

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Janet F. King's Final Report and Recommendation [5] ("R&R"), recommending that Defendant Bank of America's ("Defendant") Motion to Dismiss [4] be granted and that Plaintiff Josue B. Valiente's ("Plaintiff") Complaint [1.1] be dismissed without prejudice. Also before the Court is Plaintiff's Motion for Reconsideration [7].

**I.    BACKGROUND**

Plaintiff's Complaint contains a total of eight one-sentence allegations. ([1.1] at 4). It claims that, in December 2006, Plaintiff purchased his home from Defendant for $171,590. ([1.1] at 4). Seven years later, on January 27, 2014, Plaintiff received a foreclosure notice from Defendant. ([1.1] at 4). Plaintiff sought to make the required mortgage payments to Defendant but had difficulty

contacting Defendant's manager. ([1.1] at 4). Plaintiff sent unspecified documents to Defendant's manager in an effort to prevent the foreclosure sale from occurring. ([1.1] at 4). On March 4, 2014, Defendant "wrongfully sold" Plaintiff's home in a foreclosure sale. ([1.1] at 4). Defendant refused to "reverse the sale" despite Plaintiff's request to do so. ([1.1] at 4).

On March 28, 2016, Plaintiff, proceeding *pro se*, filed his Complaint in the Superior Court of Cherokee County, asserting claims for negligence, fraud, wrongful foreclosure, breach of contract, "breach of the implied covenat [sic] of good faith and fair dealing," unjust enrichment, "violation of Georgia codes," "quiet tittle [sic] and slander of title, and "to avoid or cancel sale." ([1] at 2; [1.1] at 3-4). The state court clerk's office notified Plaintiff that his filing "could be improper in form or lacking critical/necessary pleadings" but, at Plaintiff's request, issued a summons to Plaintiff to serve on Defendant. ([1.1] at 2). There is no evidence that Plaintiff served this summons on Defendant. On May 13, 2016, Defendant removed this action from the Superior Court of Cherokee County to this Court. ([1]).

On August 17, 2016, Defendant filed his Motion to Dismiss, arguing that Plaintiff's Complaint should be dismissed for insufficient service of process. Plaintiff did not file a response and Defendant's motion is thus deemed unopposed.

See LR 7.1(B), NDGa.  On September 9, 2016, the Magistrate Judge issued her R&R, recommending that Defendant's Motion to Dismiss be granted and that Plaintiff's Complaint be dismissed without prejudice.  On October 4, 2016, Plaintiff filed his Motion for Reconsideration, seeking "the opportunity to properly serve [Defendant]" and to "present all the evidence related to this case."  ([7] at 2).  Plaintiff states that, "due to a change of address," he did not know the action was removed to this Court and "did not received [sic] any service notice from Defendant."  ([7] at 2).

## II.   LEGAL STANDARDS

### A.   Motion to Dismiss for Insufficient Service of Process

"A plaintiff is responsible for serving the defendant with both a summons and the complaint within the time permitted under Rule 4(m)."  Anderson v. Osh Kosh B'Gosh, 255 F. App'x 345, 347 (11th Cir. 2006).

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. (4)(m); see Lepone-Dempsey v. Carroll Cnty. Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007).  Where an action is removed from state court, service must be perfected within 90 days of the date of removal.  See 28 U.S.C. § 1448;

3

Moore v. McCalla Raymer, LLC, 916 F. Supp. 2d 1332, 1340 (N.D. Ga. 2013).

Good cause for insufficient service exists "only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." Lepone-Dempsey, 476 F.3d. at 1281. Even absent good cause, a district court has discretion to extend the time for service of process. Id. at 1282. "Relief may be justified, for example, if the applicable statute of limitations would bar the re-filed action, or if the defendant is evading service or conceals a defect in attempted service." Id.

"A Rule 12(b)(5) motion challenging sufficiency of service must be specific and must point out in what manner the plaintiff has failed to satisfy the requirements of the service provision utilized." Moore, 916 F. Supp. 2d at 1339.[1] If the Rule 12(b)(5) motion meets these requirements, "the serving party bears the burden of proving its validity or good cause for failure to effect timely service." Sys. Signs Supplies v. U.S. Dep't of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990); see Lowdon PTY Ltd. v. Westminster Ceramics, LLC, 534 F. Supp. 2d 1354, 1360 (N.D. Ga. 2008). "If the plaintiff presents countering evidence, the court must

---

[1] "In actions removed from state court, the sufficiency of service of process prior to removal is determined by the law of the state from which the action was removed. After removal the sufficiency of service of process is determined according to federal law." Moore v. McCalla Raymer, LLC, 916 F. Supp. 2d 1332, 1339 (N.D. Ga. 2013) (citations and internal quotation marks omitted).

construe all reasonable inferences in favor of the plaintiff," id., and "the burden shifts back to the defendant to bring strong and convincing evidence of insufficient process," Hollander v Wolf, 2009 WL 3336012, at *3 (S.D. Fla. Oct. 14, 2009); see Fru Veg Marketing, Inc. v. Vegfruitworld Corp., 896 F. Supp. 2d 1175, 1182 (S.D. Fla. 2012).

"Service of process that is not in 'substantial compliance' with the requirements of the Federal Rules is ineffective to confer personal jurisdiction over the defendant, even when a defendant has actual notice of the filing of the suit." Abele v. City of Brooksville, Fla., 273 F. App'x 809, 811 (11th Cir. 2008); see Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990) ("Service of process is a jurisdictional requirement:  a court lacks jurisdiction over the person of a defendant when that defendant has not been served.").  A litigant's *pro se* status does "not excuse mistakes he makes regarding procedural rules." Nelson v. Barden, 145 F. App'x 303, 311 (11th Cir. 2005) (explaining that the court "never suggested that procedural rules in ordinary civil litigation shall be interpreted so as to excuse mistakes by those who proceed without counsel," because "experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law").

B.     Magistrate Judge's Report and Recommendation

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record.  See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

In view of Plaintiff's *pro se* status, the Court construes his Motion for Reconsideration as objections to the R&R.  These objections were filed almost a month after the R&R was issued, and do not specifically dispute the Magistrate Judge's findings.  See Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) ("Parties filing objections . . . must specifically identify those findings objected to.").  The Court thus reviews the R&R for plain error.  See Garvey, 993 F.2d at 779 n.9 (explaining that *de novo* review is only required of findings to which

"specific objections" are made).

## III. DISCUSSION

The Magistrate Judge found that Plaintiff failed to serve process on Defendant either before or after removal to this Court, including because the docket contains no evidence of service and Plaintiff has "done nothing to meet [his] evidentiary burden" to show that service occurred. (R&R at 5). The Magistrate Judge found further that Plaintiff is not entitled to an extension of time to serve Defendant because his Complaint fails to state a claim and violates the pleading requirements of the Federal Rules of Civil Procedure. The Court finds no plain error in these determinations. Cf. Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008) ("[A] district court does not have license to rewrite a deficient pleading" filed by a *pro se* party); Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 371 (11th Cir. 2005) (stating that *pro se* plaintiffs "must comply with the procedural rules that govern pleadings").

Although Plaintiff now states he did not know this action was removed from state court because he changed his address at an unspecified time after filing his Complaint,[2] this does not explain or excuse his failure to serve process on

---

[2] The Court notes that the Clerk's mailings to Plaintiff were not returned as undeliverable until the R&R was returned in October 2016.

7

Defendant.  Plaintiff's address change did not prevent him from serving Defendant, and it is Plaintiff's responsibility to keep Defendant and the Court apprised of his current address.  See, e.g., LR 41.2(B), NDGa (a *pro se* party's failure to keep the Court informed of his address "shall constitute grounds for dismissal"); ([2] at 4 (requiring Plaintiff to "keep the Court and Clerk of Court advised of [his] current address at all times during the pendency of the lawsuit")).

The Court lacks personal jurisdiction over Defendant because Plaintiff failed to serve process on Defendant within the time required.  See Ballew v. Roundpoint Mortgage Servicing Corp., 491 F. App'x 25, 26 (11th Cir. 2012) ("Valid service is a prerequisite for a federal court to assert personal jurisdiction over a defendant."); Pardazi, 896 F.2d at 1317 ("Service of process is a jurisdictional requirement:  a court lacks jurisdiction over the person of a defendant when that defendant has not been served.").  Defendant's Motion to Dismiss is granted and this action is dismissed without prejudice.  See Posner v. Essex Ins. Co., 178 F.3d 1209, 1214 n.6 (11th Cir. 1999) ("A court without personal jurisdiction is powerless to take further action."); Read v. Ulmer, 308 F.2d 915, 917 (5th Cir. 1962) ("It would seem elementary that if the court has no jurisdiction over a defendant, the defendant has an unqualified right to have an order entered granting its motion to dismiss.").

## IV. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Janet F. King's Final Report and Recommendation [5] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss [4] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration [7] is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED** this 5th day of January, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE